UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

MISSISSIPPI DIVISION, UNITED SONS OF
CONFEDERATE VETERANS, INC.                                                    PLAINTIFF

VERSUS                                        CIVIL ACTION NO. 1:13CV355-HSO-RHW

HARTFORD FIRE INSURANCE COMPANY                                    DEFENDANT

## ORDER GRANTING MOTION TO BRING IN THIRD PARTIES

Before the Court is Defendant Hartford Fire Insurance Company's (Hartford Fire) motion

to bring in third parties.  Doc. [37].  In its motion, Hartford Fire requests that it be allowed to

name as third party defendants subcontractors whom it asserts may be liable to Hartford Fire for

reimbursement.  Plaintiff Mississippi Division, United Sons of Confederate Veterans, Inc.

(Mississippi Division) argues that the motion is untimely and that Hartford Fire has failed to

demonstrate good cause for allowing the untimely request to join parties.

Mississippi Division entered into a contract with J.C. Duke & Associates General

Contractors, Inc. (Duke) for reconstruction of the Jefferson Davis Presidential Library/Museum

to repair damage caused by Hurricane Katrina.  Duke obtained a contract performance bond from

Hartford Fire.  Duke failed to complete the project.  Following Duke's default on the contract,

Mississippi Division and Hartford Fire attempted to reach an agreement relating to the takeover

of the project.  On July 10, 2103, Mississippi Division sent Hartford a "Recapitulation of

Owner's Expenses and Damages" related to work on the project.  Shortly thereafter, on August 7,

2013, Mississippi Division filed suit against Hartford Fire in State court seeking $2,260,000 for

the cost of completion of the project and cost to repair alleged deficiencies in Duke's work on the

project.

On April 25, 2014, Mississippi Division submitted expert reports.  One of the reports proposed a different manner for conducting repairs on the project and that the cost for completing the work would be $6,750,000--or nearly triple the amount alleged initially in the complaint. Based on the Mississippi Division's new repair theory and significantly increased costs, Hartford Fire filed the instant motion to add third party defendants.  Specifically, Hartford Fire seeks to join certain subcontractors of Duke that performed work on the project alleged to be defective by Mississippi Division.  Hartford Fire argues that these third parties should be allowed to respond to allegations made by Mississippi Division about their alleged defective work.  Moreover, these subcontractors may ultimately be liable to Hartford Fire if their work was defective.  Hartford Fire argues that if it pays Mississippi Division for the alleged defective work without the subcontractors' presence in the lawsuit, the subcontractors may resist reimbursing payment because they were not given an opportunity to respond or cure.

Mississippi Division responds that from the outset of this lawsuit, Hartford faced potential liability of up to $10,488,000--the amount of the contract.  Mississippi Division argues that the only difference of opinion between the parties' experts is the method for remedying defects in the restoration project.  Mississippi Division asserts that Hartford Fire still has the right to collect from the subcontractors in a separate action.  It argues that Hartford Fire seeks this untimely joinder of third parties only because it finds itself exposed to greater liability than originally anticipated.

Based on a review of the pleadings, it appears that the parties primarily dispute the method and cost for repairing any defects in the restoration project.  It is undisputed that Hartford

Fire probably owes certain money under the performance bond.  The parties have been unable to agree to the amount.  The question presented is whether Hartford Fire has demonstrated good cause for seeking an untimely joinder of parties.

Pursuant to Fed. R. Civ. P. 14(a)(1) a defending party may serve a summons and complaint on a nonparty;  however, it "must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer."  Hartford Fire served its original answer on September 12, 2013; therefore, it must seek leave of Court to add third party defendants.  When considering a party's motion under Rule 14, the Court may consider the following factors: (1) prejudice to the original plaintiff; (2) complication of issues at trial; (3) likelihood of trial delay; and (4) timeliness of the motion.  *See Remington Arms Co. v. Liberty Mut. Ins. Co.*, 748 F.Supp. 1057, 1068 (D.Del. 1990); *see also Crude Crew v. McGinnis & Assoc., Inc.*, 572 F.Supp. 103, 109 (E.D.Wis. 1983)(describing purpose and analytical framework of Rule 14 motions).  In this case, the deadline for filing motions to amend pleadings or to join parties was December 6, 2013.  Hartford Fire did not file its Rule 14 motion until June 26, 2014.  Because Hartford Fire's motion, if granted, would require modification of the scheduling order, the Court must look to Rule 16(b)(4), which provides that "[a] schedule may be modified only for good cause and with the judge's consent."  *See Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 551 (5th Cir. 2010).

The Court finds that the motion to amend should be granted.  Granting the motion would likely result in a trial delay and a more complicated trial; nevertheless, Mississippi Division's theory as to the method of repair and the costs associated with completing the project have changed significantly since the deadline for joinder of parties.  Hartford Fire only received notice

3

of this significant change on April 25, 2014.  Allowing Hartford Fire to bring in third party

defendants would allow for the adjudication of the claims in a single lawsuit, including any

reimbursement that might be owed to Hartford Fire and any defenses that might be asserted by

the third party defendants.  Based on Plaintiff's late change in theory and near trebling of costs

associated with repairing the project, the Court finds that Hartford Fire's motion to add parties

should be granted.

IT IS THEREFORE ORDERED AND ADJUDGED that Defendant's [37] Motion to

Bring in Third Parties is GRANTED.

IT IS FURTHER ORDERED that all case management order deadlines, including the

pre-trial conference and trial settings, are hereby suspended at this time.  Consequently, the Court

finds Defendant's request to extend case management deadlines to be MOOT.

IT IS FURTHER ORDERED that Defendant shall have until **September 2, 2014**, to file

its third party complaint.

SO ORDERED, this the 18th day of August, 2014.

/s/ *Robert H. Walker*

ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE