IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

MISSISSIPPI DIVISION, UNITED SONS
OF CONFEDERATE VETERANS, INC.                        PLAINTIFF

v.                                CAUSE NO. 1:13CV355-LG-JCG

HARTFORD FIRE INSURANCE COMPANY                DEFENDANT/
                                                     THIRD-PARTY PLAINTIFF

v.

3-D ENTERPRISES, INC., d/b/a 3-D GLASS
COMPANY; SAUCIER BROS. ROOFING, INC.;
and RAY C. WEAVER MECHANICAL
CONTRACTORS, INC.                            THIRD-PARTY DEFENDANTS

### ORDER GRANTING MOTION OF SAUCIER BROS. ROOFING, INC. TO SET ASIDE CLERK'S ENTRY OF DEFAULT

BEFORE THE COURT is the [80] Motion to Set Aside Clerk's Entry of Default filed by Third-party Defendant Saucier Bros., Roofing, Inc. ("Saucier"). For the reasons set forth herein, the Court is of the opinion that the Motion should be granted.

The underlying dispute involves Defendant Hartford Fire Insurance Company's alleged liability on a performance bond with respect to reconstruction of the Jefferson Davis Presidential Library and Museum ("the project"), which is owned by Plaintiff, Mississippi Division, United Sons of Confederate Veterans, Inc. On August 28, 2014, Hartford filed a Third-party Complaint against multiple Third-party Defendants. Hartford alleges that the Third-party Defendants were subcontractors on the project and may be liable to it based on theories of common law indemnity and

equitable subrogation if it is required to pay Plaintiff for alleged construction defects in the project. Hartford also makes breach of contract claims against the Third-party Defendants.

The record reflects that Hartford served a copy of its Third-party Complaint on Saucier on November 10, 2014. Saucier was required to file a responsive pleading on or before December 1, 2014, but failed to do so. The Clerk entered default as to Saucier on December 11, 2014, although this Court thereafter denied Hartford's Motion for Default Judgment without prejudice on January 5, 2015. (*See* Order, ECF No. 67). Counsel for Saucier filed a Notice of Appearance in this action on January 20, 2015, and subsequently filed Saucier's Answer on January 23, 2015, and the current Motion on January 27, 2015.

Saucier attached to its Motion the Affidavit of Clement Saucier, III ("Clemmie"). In the Affidavit, Clemmie explains that Saucier's failure to file an answer within 21 days was the result of his mistaken belief that the corporate records of Saucier had been updated with the Mississippi Secretary of States's office to reflect that his father was no longer an officer, director, or registered agent of Saucier. Consequently, Clemmie's father, who is no longer associated with Saucier in any way, was served with a copy of the Third-party Complaint, but did not notify his son or anyone at Saucier of the action. Clemmie states that he did not learn about this action until he was notified by a friend that Saucier was being sued, that he did a brief investigation to confirm that Saucier had, in fact, been sued, and that he then contacted Saucier's liability insurance carrier to notify them of the litigation and

request a defense. As a result, Saucier now requests that the Clerk's Entry of Default be set aside and that the Court amend its order denying Hartford's Motion for Default Judgment to reflect that it is with prejudice.

## DISCUSSION

"Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Savs. Ass'n,* 874 F.2d 274, 276 (5th Cir. 1989). "[T]hey are available only when the adversary process has been halted because of an essentially unresponsive party." *Id.* (citation and quotation marks omitted). "[T]he courts have evidenced a clear and salutary preference for disposition of litigation on the merits; rather than by default judgment." *Amberg v. Fed. Deposit Ins. Corp.,* 934 F.2d 681, 685 (5th Cir. 1991) (citation and quotation marks omitted).

"The court may set aside an entry of default for good cause . . . ." Fed. R. Civ. P. 55(c). The requirement of good cause has generally been liberally construed. *Amberg*, 934 F.2d at 685. The Fifth Circuit has stated that weighing the following factors is "useful" when determining whether to set aside a clerk's entry of default: (1) whether the failure to act was willful; (2) whether setting the default aside would prejudice the adversary; and (3) whether a meritorious claim has been presented. *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000). Other factors may also be considered, including whether the defendant acted expeditiously to correct the default. *Id.*

Considering these factors, the Court finds that there is no evidence of willful

delay by Saucier and that Saucier acted expeditiously to correct the default in any event.  Additionally, this action – as it pertains to the claims against Saucier in the Third-party Complaint – is in its early stages and there is no prejudice to Hartford or any other party to this action in setting aside the default.  Indeed, the other Third-party Defendants sued by Hartford only filed their Answers in late November and mid-December 2014.  Even so, any minimal prejudice does not outweigh the Court's preference for disposition of cases on their merits.

Finally, because the Court finds that the Clerk's Entry of Default should be set aside, Saucier's request that the Court amend its Order Denying Hartford's Motion for Default Judgment is moot.

### Conclusion

Under the circumstances here, the Court finds that the Clerk's Entry of Default as to Third-party Defendant Saucier Bros. Roofing, Inc. should be set aside and Saucier should be allowed to defend against the claims stated against it.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the [80] Motion to Set Aside Clerk's Entry of Default filed by Saucier is **GRANTED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that the [59] Clerk's Entry of Default as to Third-party Defendant Saucier Bros. Roofing, Inc. is **SET ASIDE**.

**SO ORDERED AND ADJUDGED** this the 30th day of January, 2015.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE